IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTA COVERT | : | CIVIL ACTION |
| v. | : | |
| MENTAL HEALTH DEPART. CRIMINAL JUST. CENTER, et al. | : | NO. 16-2125 |

FILED
MAY -9 2016
MICHAEL E. KUNZ, Clerk
By_____ Dep Clerk

MEMORANDUM

O'NEILL, J.            MAY 9, 2016

    Plaintiff Donta Covert brings civil rights claims, apparently pursuant to 42 U.S.C. § 1983, against the "Mental Health Depart. Criminal Just. Center," "C.F.C.F. Correction Facility," "C.J.C. Criminal Justice Center," Mercy Mental Health Crisis, and Carrie Jordan. He also filed a motion to proceed *in forma pauperis*, which the Court will grant. For the following reasons, the Court will dismiss plaintiff's complaint.

    Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Furthermore, as plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it is frivolous or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

1

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

The factual basis for plaintiff's claims is unclear. As best as the Court can discern, plaintiff's claims are based on events that occurred between March 5, 2012 and April 11, 2012, in the course of a criminal proceeding against him. His claims appear to be based in part on possible deficiencies in a court-ordered mental health evaluation. Pennsylvania's two-year statute of limitations applies to plaintiff's claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). As it appears that plaintiff's claims accrued in 2012, his claims are untimely because he did not file this civil action until May 3, 2016, more than two years later.

Furthermore, to the extent plaintiff is suing the Criminal Justice Center and departments of state courts, his claims are legally baseless because state courts and their components are entitled to Eleventh Amendment immunity and are not "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008). Nor are county prisons such as the Curran-Fromhold Correctional Facility "persons" for purposes of § 1983. *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (per curiam); *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009). Additionally, none of

plaintiff's allegations plausibly support a claim that any of the defendants violated plaintiff's constitutional rights.

Having reviewed plaintiff's complaint in this action and his filings in other actions, the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.